### UNITED STATES ex rel. DI MIERI v. UHL, District Director of Immigration.

District Court, S. D. New York.
May 3, 1937.

Mario M. De Optatis, of New York City, for petitioner.

Lamar Hardy, U. S. Atty., of New York City (John Knox, of New York City, of counsel), for respondent.

LEIBELL, District Judge.

On the argument, April 16, 1937, on the return of the writ of habeas corpus, the court dismissed the writ for reasons then stated. However, no stenographic record was made at that time. It now appears that the relator is appealing from the order dismissing the writ. I am, therefore, filing this memorandum so that the appellate court may have a record of the reason for my decision herein.

The return to the writ shows that the alien was in possession of an Italian passport issued in Salerno September 26, 1936,

which by its terms, prior to alteration by the alien, would expire March 26, 1937. The United States Consul at Naples on January 23, 1937, had indorsed the passport as follows: Visa granted as nonimmigrant under section 3(2) of the Immigration Act of 1924 (8 U.S.C.A. § 203(2)—temporary visitor. After the passport visa was obtained, the expiration date of the passport was fraudulently changed from March 26, 1937, to March 26, 1938. The alien admitted before the Board of Special Inquiry at Ellis Island that he made the change in date himself while aboard the ship on the way to this country at the suggestion of a fellow passenger. He arrived in the port of New York March 11, 1937.

After a fair hearing the Board of Special Inquiry recommended the exclusion of the alien. An appeal was taken to the Board of Review and the decision of the Board of Special Inquiry was affirmed and the alien was ordered excluded "as a quota immigrant not in possession of a quota immigration visa."

It appeared to me on the oral argument that the deliberate alteration by the alien of the expiration date on his Italian passport voided that document and rendered null and void the visa indorsement of the American Consul. The alien, therefore, was an immigrant without a valid passport. He had no valid American immigration visa and he was properly ordered excluded (8 U.S.C. § 213(a) (1), 8 U.S.C.A. § 213(a) (1).

I accordingly dismissed the writ of habeas corpus.